John J. Dillon, S.
In this accounting proceeding the requested examination of the widow of testator as a coexecutrix under the will pursuant to section 263 of the Surrogate’s Court Act is opposed on the ground that her physical condition is such that her health would be gravely impaired by any such examination, formal or informal. A previous application for like relief was denied upon condition that the widow would submit an affidavit in lieu of her oral examination under section 263 of the Surrogate’s Court Act, but without prejudice to a renewal of such application in the event that the affidavit was insufficient. (Matter of Shapiro, 14 Misc 2d 942.)
It is claimed that the affidavit submitted in lieu of such oral examination is insufficient. Upon the affidavits upon the present application, the court is unable to determine whether, or to what extent, the health of the person sought to be examined would be endangered or impaired by the examination requested. Although the affidavit of her physician indicates that any such examination would endanger her health, the affidavit of the moving party indicates that the social activities of such coexecutrix have not been seriously curtailed by reason of any such physical condition.
*799 The application for such examination will be granted unless such coexecutrix submits to a physical examination within a time to be fixed in the order to be made herein. If counsel are unable to agree upon the physician by whom such physical examination is to be made, the court will select a physician for that purpose.
The order to be made herein may contain appropriate provision to this effect reserving determination on such oral examination pending the filing of the report of such physician with respect to such physical examination. Such order also shall contain appropriate provision directing such examination upon the failure of the coexecutrix to submit to the physical examination as hereinabove directed within a time to be fixed therein.
So much of the application as requests that the executors be restrained from invading principal is granted. By article ‘1 eighth ’ ’, subdivision ‘£ a ” of the will, the trustees are authorized to pay to the Avidow of testator so much of the principal of the trust under article “ se-venth ”, subdivision “A” as she may request provided that such payments shall not exceed in the aggregate $5,000 in any one year. The trustees are further authorized to pay from the principal of said trust such additional sums as they in their absolute discretion may deem necessary or advisable for the proper care, maintenance and support of the widow, provided that such additional sum or sums shall not exceed in the aggregate $5,000 in any one year. By article “ eighth ”, subdivision “ B ” of the Avill the trustees are authorized to pay to or apply for the widow until her death or remarriage, so much of the principal of the trust under subdivision “ B ” of article “ seventh ” as she may request for the proper care, support and maintenance of herself or of any child of testator or for the education of any such child, provided that such payments from principal shall not exceed in the aggregate $5,000 in any one year. The trustees are also authorized to pay such additional sums from principal as they in their absolute discretion may deem necessary for the proper care, support and maintenance of the Avidow, proAÚded that such additional sum or sums shall not exceed in the aggregate the amount of $5,000 in any one year.
In purported compliance Avith the above provisions for principal invasions, the executors have paid to the widow the sum of $10,000 for each of the years 1953, 1954 and 1955 and sums aggregating $20,000 have been paid from principal for each of the years 1956 and 1957. Although approximately five years have elapsed since the death of testator, letters of trusteeship not haAdng been issued, the trusts have not been erected. *800 The accounting filed by the executors to which objections have been interposed is still pending undetermined, due in part to the failure or inability of the widow of testator to submit to examination as an accounting party under section 263 of the Surrogate’s Court Act. Under these circumstances, and it appearing that the discretion with respect to principal invasions is vested in the trustees rather than in the executors, the orderly administration of the estate requires that no further principal invasions be made by the executors pending an appropriate application for the issuance of letters of trusteeship.
Settle order and proceed accordingly.